Dear Mr. Fontenot:
You requested the opinion of this office concerning sales tax elections to be conducted in Calcasieu Parish this summer.
You advised that Ward 1 School District of Calcasieu Parish which is the Westlake — Moss Bluff area is in need of additional improvements, specifically an additional elementary school and another high school gymnasium. You further advised that a panel, created to investigate the best way to finance the improvements, recommended the imposition of a sales tax. The voters in Ward 1 will be requested to approve a 1-1/2% sales tax at the July 18, 1992 election. If the election passes, sales taxes in Ward 1 will be levied at the maximum 8% — 4% local and 4% statewide.
Subsequent to the School Board calling the election, the police jury determined that it needed to call an election to gain voter approval to levy an additional 1-1/2% sales tax to be used for roads and solid waste collection. The police jury has created two sales tax districts, Districts 4-A and 4-B. District 4-A is comprised of Wards 2 through 8 of Calcasieu Parish — the area outside of the Westlake/Moss Bluff, while District 4-B is comprised of Ward 1, i.e., the Westlake/Moss Bluff area. The police jury will call an election for a 1-1/2% sales tax in each of the Districts.
If the these taxes are passed by the voters, the sales tax in the relevant areas (without regard to the school board tax) will also be levied at the statutory maximum.
Of course, if either the school board proposition or the District 4-B proposition is not passed by the voters, the situation is resolved. However, if both elections carry, the sales tax to be levied in Ward 1 cannot exceed 8%, 4% local and 4% statewide. You advised that in order to construct the improvements, it is necessary that the School Board receive the entire amount to be collected from its 1-1/2% tax in Ward 1. The police jury has indicated that they also are not interested in sharing the tax proceeds.
The police jury has suggested that if both taxes pass, the division of the tax proceeds should be determined by looking at the election results — if the school board tax passes by a greater margin than the police jury tax in Ward 1, then the police jury will not levy the tax in District 4-B, only the school board tax will be levied. If, however, the police jury tax passes by a greater margin than the school board tax, then only the police jury will levy the tax in Ward 1. The police jury has drafted a contract to that effect. Your question is whether a contract setting forth such an arrangement is legal?
The Louisiana Constitution, Article VI, Section 29, authorizes local governmental subdivisions (which is defined in Article VI, Section 44 to include parishes) and school boards to levy sales taxes with voter approval at a rate not to exceed three percent, but provides that the legislature may authorize the imposition of additional sales taxes.
R.S. 33:2721.6 authorizes the parishes and school boards to impose an additional sales tax, when the rate thereof combined with the rate of all other sales taxes exclusive of state sales taxes shall not exceed four percent, with voter approval. R.S.33:2721.6(G) specifically authorizes school boards, parishes and special taxing districts "to enter into intergovernmental agreements providing for the collection, sharing, and levy of, and exemptions from any taxes authorized by this Section". (Emphasis supplied.)
Based upon the foregoing, the school board and the police jury can enter into an intergovernmental agreement to the effect set forth above.
Your second question is if the police jury tax is not levied in Ward 1, can the police jury refuse to repair any roads in Ward 1?
Generally, in order for parishes to receive funds under the parish transportation fund act, they must adopt a system of road administration which requires approval of the governing authority for any expenditures made out of the fund. The parish shall adopt a system of administration which shall include the development of a capital improvement program on a selective basis, centralized purchasing of equipment and supplies, centralized accounting, and selective maintenance and construction. R.S. 48:754.
This office has previously concluded that the system of administration set forth in the parish transportation fund statutes is a mandatory substantive law which must always be complied with whether the projects are being funded with state or local moneys. See Opinions of the Attorney General Nos. 89-229, 89-229(A) and 89-494.
Thus, the police jury must adopt a system of road administration which requires approval of the governing authority for any expenditures made out of the fund and includes the development of a capital improvement program on a selective basis, centralized purchasing of equipment and supplies, centralized accounting, and selective maintenance and construction. However, as the police jury has created two separate taxing districts, if the tax is only levied and collected in District 4-A, the use of the tax can be limited to District 4-A.
Your third question, is whether the police jury can promise the voters that the debt owed on paving certificates will be forgiven (or if already paid, rebated) if the police jury tax passes.
Article VII, Section 14 of the Louisiana Constitution prohibits the donation of the funds, property or things of value of any political subdivision. The situation described above would constitute a donation of public funds prohibited by Article VII, Section 14. Furthermore, if the obligations of the property owners were forgiven and the certificates were not paid in full, the holders of the certificates may have a cause of action against the police jury for impairing the security for the certificates.
There is also a question as to whether or not such a plan would constitute an election offense under R.S. 18:1461(A)(4).
Trusting this adequately responds to your request, I remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
MSH:jav